Juan Ernesto OROZCO–ROSALES;
et al., Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 05–73728.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2008.*

Filed Dec. 10, 2008.

Juan Ernesto Orozco–Rosales, Fresno, CA, pro se.

Guadalupe Orozco–Gonzales, Fresno, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRUNETTI, SILVERMAN and BEA, Circuit Judges.

### MEMORANDUM **

Juan Ernesto Orozco–Rosales and his wife Guadalupe Orozco–Gonzales petition for review of the Board of Immigration Appeals' decision affirming and adopting the Immigration Judge's denial of their application for cancellation of removal. We dismiss in part and deny in part the petition for review.

■ Petitioners challenge the IJ's decision denying them cancellation of removal, arguing that they met the "exceptional and extremely unusual hardship" test. We lack jurisdiction to consider this argument since the IJ's hardship determination is a discretionary decision over which our jurisdiction has been eliminated. *See de Lourdes v. Mukasey*, 539 F.3d 1102, 1105–06 (9th Cir.2008); *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005). Accordingly, the petition for review is dismissed insofar as it challenges the IJ's "exceptional and extremely unusual hardship" determination.

■ We have jurisdiction over petitioners' constitutional argument that the denial of their applications for cancellation of removal violated the equal protection clause because similarly-situated aliens from countries covered under the Nicaraguan Adjustment and Central American Relief Act ("NACARA") benefit from relaxed requirements for relief. However, this argument fails on the merits. *See Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002) ("NACARA easily satisfies the rational basis test"). Petitioners' constitutional challenge to IIRIRA is similarly meritless. *Ram v. I.N.S.*, 243 F.3d 510, 517 (9th Cir.2001).

■ Petitioners finally claim that the BIA failed to articulate its reasons for denying petitioners' request for relief from deportation. However, the BIA stated that it "adopt[ed] and affirm[ed]" the IJ's determination and cited *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). "A *Burbano* affirmance signifies that the BIA has conducted an independent review of the record and has determined that its conclusions are the same as those articulated by the IJ." *Figueroa v. Mukasey*, 543 F.3d 487, 491 (9th Cir.2008). Since the BIA can adequately explain its reasoning by adopting the IJ's decision as it did here, *see Alaelua v. I.N.S.*, 45 F.3d 1379, 1381–82 (9th Cir.1995), petitioners' argument fails and the petition is denied.

PETITION DISMISSED IN PART AND DENIED IN PART.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.